```
          UNITED STATES DISTRICT COURT
             DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| MARYANN COTTRELL and<br>RICHARD HOLLAND,<br><br>            Plaintiffs,<br><br>     v.<br><br>ZAGAMI, LLC<br><br>            Defendant. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 08-3340<br>         (JEI/AMD)<br><br>**OPINION** |

**APPEARANCES:**

FRIEDMAN DOHERTY, LLC
By:  Wesley G. Hanna, Esq.
125 North Route 73
West Berlin, NJ 08091
     Counsel for Plaintiffs

NASH LAW FIRM LLC
By:  Alan A. Reuter, Esq.
1001 Melrose Avenue, Suite A
Blackwood, NJ 08012
     Counsel for Defendant

**IRENAS**, Senior District Judge:

     Presently before the Court is the Motion to Dismiss for Failure to State a Claim by Defendant Zagami, LLC.  As explained below, Plaintiffs have failed to allege facts sufficient to establish their standing under Article III of the Constitution.  Defendant's Motion will be dismissed without prejudice, and Plaintiffs will be permitted to file an amended complaint.

I.

The factual recitation that follows accepts as true the facts as alleged in the Complaint.  Plaintiff Maryann Cottrell is the mother of a severely disabled girl; she shares responsibility for the care and supervision of her daughter with Plaintiff Richard Holland.  Plaintiffs have long been advocates for the disabled, and have enjoyed local and national media attention for their efforts.  In their capacity as advocates, Plaintiffs assess and document the availability of handicapped parking access to public locations they encounter in their daily lives.

By virtue of her daughter's disability, Plaintiff Cottrell is legally authorized to park her vehicle in handicapped parking spaces.  When Plaintiffs identify locations that do not maintain appropriate parking, Cottrell informs local authorities and files citizen's complaints.

Defendant Zagami operates a bar, liquor store, and night club in Glassboro, New Jersey.  Defendant's premises have parking spaces reserved for people with disabilities, access aisles for those persons, and/or passenger loading zones.  On a number of occasions, Plaintiffs visited Defendant's premises and observed the misuse of Defendant's handicapped parking areas.  That conduct included parking by vehicles without handicapped parking tags, and the loading and unloading of stock for Defendant's facility.  Plaintiffs allege these acts were those of Defendant's

employees, or others with the overt or implied permission of Defendant.  On July 6, 2006, Defendant sent Plaintiffs a letter indicating that entry onto its premises would constitute criminal trespass, and threatening criminal charges.

Plaintiff initiated this action by filing a five count Complaint.  Counts I and III allege retaliation in violation of the Americans with Disabilities Act ("ADA") and the New Jersey Law Against Discrimination ("NJLAD"), respectively.  Counts II and IV allege discrimination in violation of the ADA and NJLAD.  Count V alleges the violation of Plaintiffs' civil rights under state law.

Defendant moves to dismiss the Complaint in its entirety for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6).

## II.

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted."  In order to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege facts that raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007); see also Fed. R. Civ. P. 8(a)(2).  While a court must accept as true all allegations in the plaintiff's complaint, and view them in the light most favorable to the plaintiff, *Phillips v. County of Allegheny*, 515

F.3d 224, 231 (3d Cir. 2008), a court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible. *Phillips*, 515 F.3d at 234.

### III.

Among Defendant's arguments for dismissal, it challenges Plaintiffs' standing to proceed on their ADA discrimination claim. In addition, the Court has an independent obligation to raise the jurisdictional issue of standing. *United States v. Hays*, 515 U.S. 737, 742 (1995).

"[T]he question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Elk Grove Unified School Dist. v. Newdow*, 542 U.S. 1, 11 (2004) (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). Section 2 of Article III of the United States Constitution limits federal jurisdiction to "Cases" or "Controversies." *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559 (1992). The doctrines that have developed to elaborate the case or controversy requirement are "founded in concern about the proper-and properly limited-role of the courts in a democratic society." *Warth*, 422 U.S. at 498.

The requirement of a case or controversy places the burden on Plaintiffs to allege that they have "such a personal stake in the outcome of the controversy as to warrant invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on [their] behalf." *Paige v. Phila. Housing Auth.*, No. 99-497, 2002 WL 500677, at *4 (E.D. Pa. 2002) (citing *Warth*, 422 U.S. at 498-99).

The doctrine of standing consists of constitutional and prudential considerations. *See Allen v. Wright*, 468 U.S. 737, 751 (1984). The prudential component of standing embraces "judicially self-imposed limits on the exercise of federal jurisdiction, such as the general prohibition on a litigant's raising another person's legal rights, the rule barring adjudication of generalized grievances . . ., and the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked." *Id*.

The Constitutional component of the standing requirement, on the other hand, is "derived directly from the Constitution." *Allen*, 468 U.S. at 751. At an "irreducible constitutional minimum," *Goode v. City of Phila.*, 539 F.3d 311, 316 (3d Cir. 2008), Plaintiffs must demonstrate that they have: (1) "suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the

5

defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180-81 (2000)(citing *Lujan*, 504 U.S. at 560-61). The party invoking federal jurisdiction has the burden of satisfying these elements. *Lujan*, 504 U.S. at 561. Failure to make the necessary showing means the party has no standing. *Clark v. Burger King Corp.*, 255 F.Supp.2d 334, 341 (D.N.J. 2003) (Irenas, J.).

Furthermore, because the sole relief available for Defendant's alleged ADA violations is prospective injunctive relief,[1] Plaintiffs must demonstrate a "real and immediate threat" of injury in order to satisfy the "injury in fact" requirement. *City of Los Angeles v. Lyons*, 461 U.S. 95, 103-04 (1983). The Third Circuit has held that "[p]ast exposure to

---

[1] Plaintiffs allege discrimination in violation of Title III of the ADA, and retaliation in contravention of Title V of that statute. The enforcement provision of Title III, 42 U.S.C. § 12188, authorizes only injunctive relief. *See Clark v. Burger King Corp.*, 255 F.Supp.2d 334, 341 n.8 (D.N.J. 2003) (Irenas, J.) (citing 42 U.S.C. § 12188; *W.G. Nichols, Inc. v. D. Ferguson*, No. 01-834, 2002 WL 1335118, at *10 (E.D. Pa. 2002)).
  Pursuant to 42 U.S.C. § 12203(c), the remedies available to a person aggrieved by a retaliatory act in the public accommodation context are limited to those provided by 42 U.S.C. § 12188. *See* 42 U.S.C. § 12203(c) ("The remedies and procedures available under sections 12117, 12133, and 12188 of this title shall be available to aggrieved persons for violations of subsections (a) and (b) of this section, with respect to subchapter I, subchapter II and subchapter III of this chapter, respectively."); *Rothman v. City of Chicago*, No. 02 C 3533, 2004 WL 2271851, at *2 (N.D. Ill. Oct. 6, 2004) (citing *Van Hulle v. Pacific Telesis Corp.*, 124 F.Supp.2d 642, 646 (N.D. Cal. 2000)) ("Where the plaintiff alleges retaliation based on a defendant's position as an owner, lessor, or operator of 'a place of public accommodation,' then the available remedies are those provided under 42 U.S.C. § 12188(a)(1).").

illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . ." *Brown v. Fauver*, 819 F.2d 395, 400 (3d Cir. 1987); *see also Toll Bros., Inc. v. Twp. of Readington*, 555 F.3d 131, 138 n.5 (3d Cir. 2009).  In order to obtain standing for prospective relief, Plaintiffs must "establish a real and immediate threat that [they] would again be [exposed to the alleged violations of their lawful rights]." *Brown*, 819 F.2d at 400.  For example, in *Lujan*, the Court found that "'some day' intentions--without any description of concrete plans, or indeed even any speculation of when the some day will be--do not support a finding of the 'actual or imminent' injury . . . ." 504 U.S. at 564.  In the context of Title III of the ADA, the Third Circuit has held that the principles of standing are equally applicable.  *Doe v. Nat'l Bd. of Medical Examiners*, 199 F.3d 146, 153 (3d Cir. 1999).

Here, Plaintiffs do not allege an intent to return to Defendant's premises.[2]  Thus, there is no real or immediate threat to their lawful rights.  Even if Plaintiffs attempted to return to Defendant's premises, it is uncertain whether they would be prevented from parking in handicapped areas or refused entry onto Defendant's premises, notwithstanding Defendant's

---

[2] Plaintiffs are not themselves disabled.  Thus, even if Plaintiffs amend the Complaint to allege they intend to return to Defendant's location, they still must show that their association with Cottrell's daughter is sufficient to confer Constitutional standing.  The Court makes no ruling as to whether Plaintiffs' relationship with a disabled child would be sufficient to establish standing.

threat of legal action.[3]  As Plaintiffs have not alleged sufficient facts to indicate this matter presents a case or controversy under Article III, the Court is without jurisdiction to proceed further.  *See Cottrell v. Good Wheels*, No. 08-1738, 2008 WL 4792546, at *4 (D.N.J. Oct. 31, 2008).  *But see Cottrell v. J & R Discount Liquor Gallery, Inc.*, No. 08-5418, 2009 WL 1085729 (D.N.J. Apr. 21, 2009).

**IV**.

For the reasons stated above, the Motion to Dismiss will be dismissed without prejudice.[4]  Plaintiffs may file an amended complaint.  If Plaintiffs elect to do so, the amended complaint

---

[3] On a number of occasions, courts in this district have considered whether disabled plaintiffs have standing to bring ADA claims based on allegations that physical or architectural barriers limited their access to places of public accommodation.  *See Brown v. Showboat Atlantic City Propco, LLC*, No. 08-5145, 2009 WL 690625 (D.N.J. Mar. 11, 2009); *Dempsey v. Harrah's Atlantic City Operating Co., LLC*, No. 08-5237, 2009 WL 250274 (D.N.J. Feb. 2, 2009); *Access 4 All, Inc. v. Absecon Hospitality Corp.,* No. 04-6060, 2006 WL 3109966 (D.N.J. Oct. 30, 2006) (Irenas, J.); *Access 4 All, Inc. v. 539 Absecon Blvd., L.L.C.*, No. 05-5624, 2006 WL 1804578 (D.N.J. Jun. 26, 2006); *Disabled Patriots of Am., Inc. v. City of Trenton*, No. 07-3165, 2008 WL 4416459 (D.N.J. Sep. 24, 2008); *Clark v. Burger King Corp.*, 255 F.Supp.2d 334 (D.N.J. 2003) (Irenas, J.).  The Constitutional standing analysis in those cases has turned on the plaintiff's "likelihood of returning to the defendants' facility[,]" determined by reference to: "(1) the plaintiff's proximity to the defendants' place of public accommodation; (2) the plaintiff's past patronage at the facility; (3) the definitiveness of the plaintiff's plan to return; and (4) the plaintiff's frequency of travel near the facility." *Dempsey*, 2009 WL 250274, at *3 (citing *Disabled Patriots*, 2008 WL 4416459, at *3).

The putative injury-in-fact in this case is more speculative than in a case involving a physical obstruction.  If a store is inaccessible to wheelchairs because its door is at the top of a flight of stairs, the store will remain inaccessible absent structural modifications.  There is no physical or architectural barrier preventing Plaintiffs from accessing Defendant's restaurant in this case.

[4] In considering the motion to dismiss, the Court referred to the corrected versions of Defendant's briefs, which did not include any substantive changes as compared to the original versions.  Thus, Defendant's motions to correct its briefs will be granted.

must be filed no later than June 20, 2009.  The Court will issue an appropriate Order.

Dated:  May   20  th, 2009

                                                 s/ Joseph E. Irenas  
                                                **JOSEPH E. IRENAS, S.U.S.D.J.**