UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARYANN COTTRELL and
RICHARD HOLLAND,

        Plaintiffs,

   v.

ZAGAMI, LLC

        Defendant.

HONORABLE JOSEPH E. IRENAS

CIVIL ACTION NO. 08-3340
(JEI/AMD)

**OPINION**

**APPEARANCES:**

FRIEDMAN DOHERTY, LLC
By:  Wesley G. Hanna, Esq.
125 North Route 73
West Berlin, NJ 08091
    Counsel for Plaintiffs

NASH LAW FIRM LLC
By:  Alan A. Reuter, Esq.
1001 Melrose Avenue, Suite A
Blackwood, NJ 08012
    Counsel for Defendant

**IRENAS**, Senior District Judge:

    This matter involves Plaintiffs Maryann Cottrell and Richard Holland's claims that Defendant Zagami, LLC ("Zagami") retaliated against Plaintiffs in response to Plaintiffs' efforts to discourage the unauthorized use of handicap accessible parking. Defendant has moved to dismiss Plaintiffs' Amended Complaint. For the reasons expressed below, Defendant's Motion to Dismiss will be denied.

**I.**

The factual recitation that follows accepts at true the facts as alleged in the Amended Complaint.[1]  Plaintiff Maryann Cottrell is the mother of a severely disabled girl; she shares responsibility for the care of her daughter with Plaintiff Richard Holland.  Plaintiffs are long-time advocates for the disabled and have received media attention for their advocacy efforts.  In an attempt to enforce anti-discrimination regulations, Plaintiffs assess and document the availability of handicapped parking access to public accommodations that they encounter during their daily activities.  Additionally, Cottrell informs local authorities about businesses and public accommodations that fail to maintain and/or fail to discourage the misuse of handicapped parking spaces.  Cottrell also regularly files citizen's complaints alleging handicapped parking violations.

Defendant Zagami operates a bar, liquor store, and night club in Glassboro, New Jersey.  Plaintiffs allege that on several occasions they visited Defendant's business and observed vehicles without handicapped parking tags parked in spaces reserved for

---

[1]  Facts contained in the Certification of Richard Holland are also recited where relevant.  *See New Hope Books, Inc. v. Farmer*, 82 F. Supp. 2d 321, 324 (D.N.J. 2000) (holding that a court may consider affidavits attached to the moving papers, for the purpose of ascertaining whether it has subject-matter jurisdiction).

people with disabilities, access aisles, and/or passenger loading zones.  Plaintiffs allege these vehicles were being used by Defendant or by others with Defendant's overt or implied permission.  Particular incidents of such misuse included two professional football players' parking in reserved spaces and Defendant's using such spaces for loading and unloading.  On July 6, 2006, Defendant sent Plaintiffs a letter warning that their entry onto Defendant's premises would constitute criminal trespass and threatening criminal charges.

Plaintiffs have previously dined at Defendant's establishment, which is located less than a mile from their home, and have friends that regularly dine there.  Plaintiffs assert that because of the threat in Defendant's letter, they have foregone opportunities to dine at Defendant's establishment, for fear of being refused entry or ejected.  In the future, Plaintiffs would like to accompany their friends to Defendant's establishment and dine there with them.

On July 3, 2008, Plaintiff initiated this action by filing a five-count Complaint alleging retaliation, substantive discrimination, and civil rights claims.  Defendant moved to dismiss all counts.  Holding that Plaintiff had failed to allege facts sufficient to establish standing under Article III of the Constitution, this Court dismissed Defendant's motion without prejudice and permitted Plaintiffs to file an amended pleading.

Plaintiffs filed an Amended Complaint on June 19, 2009.  Amended Complaint contains additional averments in support of standing and removed the substantive discrimination claims pleaded in the original complaint.  The three-count Amended Complaint alleges Defendant retaliated against Plaintiffs' efforts to discourage the unauthorized use of handicap accessible parking in violation of the Americans with Disability Act ("ADA"), 42 U.S.C. § 12101 *et seq.* (Count I) and the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. 10:5-1 *et seq.* (Count II).  The Amended Complaint also alleges that Defendant's alleged retaliation gives rise to a civil rights claim pursuant to the New Jersey Civil Rights Act, N.J.S.A. 10:6-1 *et seq.* (Count III).  Defendant then filed the instant Motion to Dismiss the Amended Complaint.  The matter has been fully briefed.[2]  For the reasons explained herein, Defendant's motion will be granted in part and denied in part.[3]

## II.

Federal Rule of Civil Procedure 12(b)(6) provides that a

---

[2]  In addition to the standard briefing, Plaintiffs have also submitted a surreply in the form of an informal letter brief.  Plaintiffs did not seek the Court's leave to file a surreply, as they are required to under Local Rule 7.1(d)(6).  Nonetheless, the Court will consider the submission.

[3]  This Court has federal question subject matter jurisdiction over the present suit, *see* 28 U.S.C. § 1331, based on Plaintiffs' federal ADA claim.  The Court exercises supplemental jurisdiction over the Plaintiffs' state claims. *See* 28 U.S.C. § 1367.

court may dismiss a complaint "for failure to state a claim upon which relief can be granted."  In order to survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level.  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8(a)(2).  While a court must accept as true all allegations in the plaintiff's complaint, and view them in the light most favorable to the plaintiff, *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008), a court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).  The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible. *Phillips*, 515 F.3d at 234.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

## III.

Defendant makes the following arguments in support of their motion to dismiss: (1) Plaintiffs lack standing, (2) Plaintiffs failed to plead a *prima facie* case of retaliation under the ADA and LAD, (3) Plaintiffs failed to plead that Defendant acted

under color of law as required under the NJCRA, and (4)
Plaintiffs' claims should be dismissed as barred under the
statute of limitations, as well as dismissed under the doctrines
of laches, sham affidavit, and judicial estoppel.  The Court will
address each in turn.

## 1.  Standing

Defendant argues that, despite making additional averments
in the Amended Complaint, Plaintiffs still have not adequately
demonstrated they have standing to proceed on their ADA and LAD
claims.[4]  The Court has previously set out the standard for
Article III standing in *Cottrell v. Zagami, LLC*, No. 08-3340,
2009 WL 1416044, at *2-3 (D.N.J. May 20, 2009).

Plaintiffs assert they have standing because Defendant's
revocation of their status as business invitees in retaliation
for their efforts to enforce handicap parking requirements causes
them injury.  They also allege that they have previously
patronized Defendant's establishment and wish to do so in the
future, because it is within blocks of their home and is
frequented by their friends.  They further assert that because of

---

[4]  Plaintiffs argue that the Court should not address
Defendant's argument concerning standing, as Defendant did not
raise the issue in its opening brief.  However, Plaintiffs have
not suffered from Defendant's late argument, because they
preemptively addressed the issue in their opposition brief and
had the opportunity to address it again in their surreply.

Defendant's letter barring them from Defendant's establishment, they have missed out on past opportunities to dine there with their friends and cannot dine there in the future.[5]

Because Plaintiffs have alleged past patronage and a concrete desire to dine at Defendant's nearby establishment in the future, the Court is satisfied that Plaintiffs have standing to bring this suit.[6]   *See Cottrell v. Good Wheels*, No. 08-1738,

----

[5]   Additionally, Plaintiffs claim they have been injured because they cannot engage in a variety of activities open to the typical business invitee. Such activities include "provid[ing] a sober ride home, brows[ing] Defendant's menu or inventory, accompany[ing] a friend that is browsing Defendants'[sic] menu or inventory, inquir[ing] about using a restroom, report[ing] an emergency, [and] ask[ing] for directions. . . ."  (Am. Compl. ¶ 28.)  However, such "'some day' intentions" are not sufficient to establish standing.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992).

[6]   Defendant also makes the unusual argument that the Court should decline jurisdiction over the case because the injunctive relief sought by Plaintiffs is beyond the scope of what is permitted by ADA or LAD and, further, is impermissible under the Constitution of the United States.  Plaintiffs seek injunctive relief declaring that Defendant's attempt to ban Plaintiffs from the premises is void and enjoining Defendant from initiating legal action or criminal complaints against Plaintiffs for entering Defendant's business premises or taking reasonable and good faith action to enforce the ADA and LAD.  (Am. Compl. Counts I-III.)  Defendant claims that awarding Plaintiffs such relief would be the equivalent of granting them *carte blanche* to do anything at anytime on Defendant's premises, affording them greater rights and privileges than the typical business invitee.

The Court is unpersuaded by Defendant's argument.  Defendant has offered no legal support for the proposition that the relief requested by Plaintiffs -- essentially enjoining Defendant from revoking Plaintiffs business invitee status due to their enforcement activities -- should strip the Court of jurisdiction over the case.  Accordingly, the Court will not decline jurisdiction as requested by Defendant.

2009 WL 3208299, at *5 (D.N.J. Sept. 28, 2009) (holding Plaintiff Holland had standing to bring retaliation claims against an establishment that he had previously patronized and wished to continue to patronize in the future.).

## 2.  **ADA and LAD Claims**

Defendant argues the Plaintiffs fail to allege a *prima facie* case for retaliation under the ADA and LAD.[7]  The ADA and LAD prohibit retaliation against or intimidation of any individual because he or she has opposed any act or practice made unlawful by the ADA and LAD.  42 U.S.C. § 12203; N.J.S.A. 10:5-12(d),(f).  Individuals who have suffered such retaliation may bring suit pursuant to those statutes.  42 U.S.C. §§ 12203, 12188; N.J.S.A. 10:5-13.  To establish a *prima facie* retaliation case under the ADA or LAD, Plaintiffs must demonstrate: "(1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action."  *Krouse v. American Sterilizer Co.*, 126 F.3d 494, 500 (3d Cir. 1997).[8]

---

[7]  Defendant does not argue that it had a legitimate, non-retaliatory reason for sending the letter, nor that Plaintiffs cannot show that any legitimate reason was pretextual.  As such, the Court will not continue the burden-shifting analysis.

[8]  New Jersey courts use somewhat different language with respect to the first prong, stating that an employee must show

Defendant argues that Plaintiffs do not identify what
protected activity they were allegedly engaged in, but instead
"only allege that [Cottrell] received a letter."  (Mov. Br. at
9.)  Despite Defendant's assertion that they cannot make out what
protected activity Plaintiffs' allege, it is evident from the
Amended Complaint that the alleged protected activity is
assisting public officials in the enforcement of handicap parking
regulations.  Plaintiffs allege that they regularly document the
failure of public accommodations to maintain handicap access at
their establishments and that they observed violations at
Defendant's establishment.

Although discovery may prove otherwise, at this stage, it
can be inferred from the Amended Complaint that Plaintiffs
documented or informed local authorities about Defendant's
alleged violations.  Further, Plaintiffs aver that after they
visited Defendant's premises and observed misuse of space
reserved for handicap parking, Defendant sent them a letter
prohibiting them from entering Defendant's premises.  Taken
together, it is clear that the thrust of Plaintiffs' suit is that
Plaintiffs attempted to compel enforcement of regulations

---

that he or she engaged in protected activity known to the
defendant.  *See Romano v. Brown & Williamson Tobacco Corp.*, 284
N.J. Super. 543, 548 (1995).  Nonetheless, the LAD and ADA have
been held to be governed by the same standards. *See Abramson v.
William Paterson College of N.J.*, 260 F.3d 265, 286 n.17 (3d Cir.
2001); *Lawrence v. Nat'l Westminster Bank New Jersey*, 98 F.3d 61,
70 (3d Cir. 1996).

regarding handicap parking and Defendant responded to Plaintiff's
efforts at enforcement by prohibiting Plaintiffs from entering
Defendant's premises.  Other courts in this district, confronted
with nearly identical facts in cases brought by Cottrell and
Holland, have found that handicap regulation enforcement, coupled
with being banned from premises, were sufficient to state a
retaliation claim.  *See Good Wheels,* 2009 WL 3208299, at *9;
*Cottrell v. J & R Discount Liquor Gallery*, *Inc.*, No. 08-5418,
2009 WL 1085729, (D.N.J. Apr. 21, 2009).  Similarly, this Court
finds that at the motion to dismiss stage, alleging that
enforcement activities as a protected activity is sufficient to
state a claim for retaliation.  *See Good Wheels,* 2009 WL 3208299,
at *9.  Accordingly, the Court will deny Defendant's motion with
regard to Plaintiffs ADA and LAD claims.[9]

### 3.  New Jersey Civil Rights Act Claim

Defendant argues that Plaintiffs' claim pursuant to the New

---

[9]  Defendant also argues that Plaintiffs cannot meet the
other requirements of an ADA and/or LAD retaliation claim.
Defendant claims that Plaintiffs do not allege that Defendant
knew Plaintiffs were involved in a protected activity.  However,
Plaintiffs allege that after pursuing their enforcement
activities at Defendant's premises, Defendant sent a letter
prohibiting them from the premises.  At these stage, these
allegations are sufficient to create an inference that Defendant
knew of Plaintiffs activities and responded by sending the
letter.  While Defendant also makes other arguments, they are all
premised on the theory that Plaintiffs did not allege a
"protected activity," and so must fail.

Jersey Civil Rights Act ("NJCRA"), N.J.S.A 10:6-1 *et seq.* must be dismissed because the NJCRA only allows suits against offenders who act under color of law, and Plaintiffs have failed to plead that Defendant has done so.

In pertinent part, the NJCRA states:

> Any person who has been deprived of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this State, or whose exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered with, by threats, intimidation or coercion by a person acting **under color of law**, may bring a civil action for damages and for injunctive or other appropriate relief.

N.J.S.A. 10:6-2(c) (emphasis added).

Plaintiffs do not dispute that Defendant has not acted under color of law, but rather contend that the NJCRA permits suits against private actors. In *Felicioni v. Administrative Office of Courts,* the Court found that the placement of the "or" and comma in N.J.S.A. 10:6-2(c) "divides the clause into two separate independent phrases that do not act to modify nor qualify one another." 961 A.2d 1207, 1218 (N.J. Super. Ct. App. Div. 2008). Accordingly, "the statute provides a person may bring a civil action under the Act in two circumstances: (1) when he's deprived of a right, *or* (2) when his rights are interfered with by threats, intimidation, coercion or force." *Id* (emphasis in original)*.* Plaintiffs, relying on *Felicioni,* argue that because

11

the two clauses are disjunctive, the phrase "under color of law" applies only to when a plaintiff claims he has had his rights "interfered with," not when he claims he has been "deprived of a right."[10]

To further support their interpretation, Plaintiffs look to the statutes the Massachusetts Civil Rights Act, Mass. Gen. Laws ch. 12 § 11H-I, and the Maine Civil Rights Act, Me. Rev. Stat. Ann. tit. 5 § 4682, two other models for the NJCRA.  Plaintiffs contend that because the Massachusetts and Maine civil rights laws apply to an offender regardless of whether he acted under color of law, the New Jersey statute should as well.  This argument is unpersuasive, however, as both the Massachusetts and Maine statutes explicitly provide for private actions, regardless of whether the offender is acting under color of law, and the NJCRA does not.  *Compare* Mass. Gen. Laws ch. 12 § 11H-I, Me. Rev. Stat. Ann. tit. 5 § 4682(1-A), *with* N.J.S.A. 10:6-2(c).

Plaintiffs have not provided any case law embracing a right against private persons pursuant to NJCRA.  This is unsurprising,

---

[10] Plaintiffs also argue that because the NJCRA was modeled on 42 U.S.C. § 1983, but the NJCRA differs from its model, this departure indicates that the legislature intended NJCRA to include suits against private persons.  Specifically, Plaintiffs contend that since the phrase "under color of law" appears later in the text of 10:6-2(c) than it does in 42 U.S.C. § 1983, the phrase "under color of law" should be viewed as applying only to actions for interferences, not for deprivations.  (Opp'n Br. at 12.)

as such an interpretation appears contrary to a plain reading of the statute.  In Sections (a) and (b), the NJCRA clearly sets out that the State may bring a civil action against an offender "whether or not acting under color of law."  N.J.S.A. 10:6-2(a)-(b).  Section (c), which creates a private action, does not include such language.  *See* N.J.S.A. 10:6-2(c).  It can be inferred, therefore, that unlike the preceding sections, Section (c) is intended to require that the offender act under color of law.  Accordingly, the Court holds that NJCRA does not permits private suits against private persons absent state action.  *See Marjac, L.L.C. v. Trenk*, No. 06-1440, 2009 WL 2143686, at *9 (D.N.J. Jul. 14, 2009) ("Plaintiffs are required to come forward with evidence that their constitutional rights, under the federal or state constitutions, have been violated as a result of some state action."), *rev'd on other grounds*, No. 09-3204, 2010 WL 1936267, (3d Cir. May 14, 2010).  As such, Plaintiff's NJCRA claim must be dismissed.

**4.  Statute of Limitations, Doctrine of Laches, Sham Doctrine, and Judicial Estoppel**

Defendant makes a variety of arguments based on the theory that Plaintiffs' position in the Amended Complaint so departs from the original pleadings as to suggest gamesmanship.  From this premise, Defendant argues that the Amended Complaint should be dismissed under the (A) statute of limitations, (B) the

doctrine of laches, (C) the sham doctrine, or (D) the doctrine of judicial estoppel.

### A.

Defendant alleges that Plaintiffs' claims are time-barred, because the Amended Complaint was filed more than three years after the events in question, exceeding the two-year statute of limitations, and the amended allegations do not properly "relate back" to the original pleading pursuant to Fed. R. Civ. P. 15(c). *See* Fed. R. Civ. P. 15(c). Defendant alleges that the original complaint largely focused on Cottrell's daughter, but the Amended Complaint relies on Plaintiffs' enforcement activity, and as such the Amended Complaint is "effectively a new action" and does not relate back to the original pleading. (Mov. Br. at 22.)

Fed. R. Civ. P. 15(c) provides that "[a]n amendment to a pleading relates back . . . [when] the amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence set out . . . in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). "In essence, application of Rule 15(c) involves a search for a common core of operative facts in the two pleadings." *Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 310 (3d Cir. 2004). The Amended Complaint did not add any claims or defenses. To the contrary, it merely supplemented allegations regarding Plaintiffs' standing and removed Plaintiffs' substantive discrimination claims. (*See* Am. Compl.) As such, it

14

is evident that the two pleadings share "a common core of operative facts." *Id.*  Accordingly, the allegations in the Amended Complaint relate back to the original pleading and are not barred by the statute of limitations.

## B.

Alternatively, Defendant argues that Plaintiffs' claims should be time-barred under the doctrine of laches because Plaintiffs have engaged in "gamesmanship" and improper "tactics" by filing their Amended Complaint almost three years after Defendant sent the letter prohibiting Cottrell from the premises. (Mov. Br. 27-28).  However, the Court finds that Plaintiffs have not engaged in the gamesmanship, and so, Defendant's argument fails.[11]

## C.

Defendant also attempts to apply the principles of the sham doctrine to the instant action, arguing that Plaintiff has alleged sham facts and theories in order to survive the pleading stages of litigation.  The sham doctrine addresses the issue of a party "creat[ing] a material issue of fact to defeat summary judgment by filing an affidavit disputing his or her sworn

---

[11]  Defendant cites *Mancini v. Twp. of Teaneck*, 179 N.J. 425 (2004) in support of their laches argument.  However, as *Mancini* concerns applying laches in the context of a LAD action that had been rendered timely by virtue of the continuing violation doctrine, it does not apply to the instant case.

testimony without demonstrating a plausible explanation for the conflict." *Baer v. Chase*, 392 F.3d 609, 624 (3d Cir. 2004).  As such, it is not applicable to the matter at hand, which concerns amended pleadings at the motion to dismiss stage.  Alternatively, Defendant appeals to the Court's "inherent authority to exercise control over the courtroom by declaring that it will not allow sham pleadings . . . ."  (Mov. Br. at 32.)  Contrary to Defendant's contention, Plaintiffs' additional factual averments (which mainly concern standing) are not so outlandish as to be facially false.  Nor does Plaintiffs' removal of substantive discrimination claims necessitate a conclusion of gamesmanship. At this stage, the Court cannot declare the pleadings to be a sham.

### D.

Defendant alleges that the action should be judicially estopped because the Amended Complaint is irreconcilably inconsistent from the Complaint.  "The doctrine of judicial estoppel 'bar[s] a party from taking contradictory positions during the course of litigation.'"  *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.,* 602 F.3d 237, 253 (3d Cir. 2010). "[T]hree factors inform a federal court's decision whether to apply [judicial estoppel]: there must be (1) 'irreconcilably inconsistent positions;' (2) 'adopted ... in bad faith;' and (3) 'a showing that ... estoppel ... address[es] the

harm and ... no lesser sanction [is] sufficient.'" *G-I Holdings, Inc. v. Reliance Ins. Co.*, 586 F.3d 247, 262 (3d Cir. 2009).

Despite Defendant's repeated assertions, the amended pleadings are not inconsistent with the original complaint. Plaintiffs did remove their substantive discrimination complaints, which relied on their relationship to Cottrell's disabled daughter.  However, as Plaintiffs have retained their other claims for the duration of these proceedings, it is clear that they have not put forth an inconsistent position.  Moreover, there is no evidence that Plaintiffs have acted in bad faith. Accordingly, the Court will deny Defendant's request to judicially estop the action.

**IV.**

For reasons set forth above, the Court will deny Defendant's motion to dismiss with regard to Plaintiff's ADA and LAD claims (Counts I and II), but will grant the motion with regard to Plaintiffs NJCRA claim (Count III).  The Court will issue an appropriate order.


Date: June 23, 2010


    s/ Joseph E. Irenas
    JOSEPH E. IRENAS, S.U.S.D.J.

17