

101 NORTH 15TH STREET
SUITE 200
PHILADELPHIA, PA 19102-1503

DIRECT DIAL: (856) 228-2206
DIRECT FAX:  (856) 228-1885
Email: areuter@thenashlawfirm.com

November 9, 2011

**Via Electronic Filing**

Honorable Ann Marie Donio, USMJ
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets Room 1050
Camden, NJ 08101

**RE:   Maryanne Cottrell and Richard Holland v. Zagami, LLC**
      **Docket No: 08-cv-3340 (JEI)**

Dear Judge Donio:

    This office represents Defendant Zagami in the above-referenced matter.  Zagami has previously indicated to the Court with regard to any motion scheduling that Zagami desires the opportunity to file a motion on a limited issue ahead of the time for filing any dispositive or further dispositive motions that may be filed.  Zagami was instructed to submit a letter in this regard.

    The limited issue relates to assertions made by Plaintiffs in their Amended Complaint which discovery has demonstrated are false.  Defendant believes that the import of the foregoing is of such a substantial nature so as to be dispositive of the case and could render any anticipated further motions/proceedings moot.  For this reason, it is respectfully requested that scheduling take this into account and that the deadlines for the filing of other motions be scheduled for after the decision on the motion that Defendant Zagami intends to file.  The background leading up to the foregoing is summarized below for the convenience of the Court.

    It has now been established through sworn testimony of both Cottrell and Holland that allegations they made in their Amended Complaint for the specific purpose of saving their case from dismissal on the grounds of lack of standing <u>are false</u>.  Judge Irenas determined on the first motion to dismiss of Defendant that Plaintiffs lacked standing to proceed.  Plaintiffs were given the opportunity to amend their complaint under pain of dismissal with prejudice.

    In response, Plaintiffs abandoned their discrimination claims and only re-asserted ADA and NJLAD retaliation and a Civil Rights Act

Case 1:08-cv-03340-JEI-AMD   Document 83   Filed 11/09/11   Page 2 of 3 PageID: 927



Hon. Ann Marie Donio. U.S.M.J.
November 9, 2011
Page 3

claim. Otherwise, the Amended Complaint was identical or virtually identical save only for the addition of a section in the complaint which Plaintiff specifically entitled "Article III Standing," containing Paragraphs 19-26.

Interestingly, the initial Complaint, while claiming that Plaintiffs had "visited" the premises previously, provided no specifics whatsoever about this, including what any such "visit" consisted of. Further, there was nothing at all positive about Defendant or its establishment contained in the Complaint. To the contrary, the allegations were uniformly negative.

Then, in the Amended Complaint, <u>for the first time</u>, Plaintiffs made allegations that they "dined" there in the past, that they had friends that "regularly" dine there and that they wished to "dine" there. Plaintiffs alleged the following in their amended complaint:

> 19.     Prior to being banned from the premises, Ms. Cottrell and Ms. Holland have dined at Defendants' establishment.
>
> 20.     Ms. Cottrell and Mr. Holland have friends that regularly go to Defendants' establishment to dine.

Plaintiffs then make additional allegations in Paragraphs 21-26 stemming from the foregoing allegations.

Defendant filed a second motion to dismiss. Defendant argued, *inter alia*, that the Amended Complaint was a sham designed only to save Plaintiffs case as to the issue of standing. The Court granted the motion of Defendant with regard to the Civil Rights Act claim, but denied the motion as to ADA and NJLAD retaliation, based upon the foregoing new found allegations of Plaintiffs, finding that the Court could not "at this stage" find a sham. In the words of Judge Irenas:

> Contrary to Defendant's contention, Plaintiffs' additional factual averments (which mainly concern standing) are not so outlandish as to be facially false. Nor does Plaintiffs' removal of substantive discrimination claims necessitate a conclusion of gamesmanship. At this stage, the Court cannot declare the pleadings to be a sham.

(6/25/10 Op., p.16).

However, since the foregoing decision, discovery has been conducted and the Plaintiffs have been deposed. The testimony of



Hon. Ann Marie Donio. U.S.M.J.
November 9, 2011
Page 3

Plaintiffs confirms that the allegations contained at Paragraph 19 and 20 are completely and utterly false. Among other things, Plaintiffs testified that they have never eaten at the establishment.
    Defendant believes that had the Amended Complaint not contained the assertions that it did, that Plaintiffs would have been unable to file an Amended Complaint arguably establishing standing, and the case would have been dismissed in June 2009, more than two years ago. Instead, the foregoing has caused the within action to proceed, and have caused the wrongful continuation of this litigation since at least the filing of the Amended Complaint.

Respectfully submitted,
Nash Law Firm LLC


/s/ *Alan Reuter*_____
Alan A. Reuter, Esq.

cc:  Wesley G. Hanna, Esquire (via electronic filing and fax)
     Sean Kelly, Esq. (via electronic filing and fax)