

1001 Melrose Avenue, Suite A
Blackwood, New Jersey 08012

Direct Dial: (856) 228-2206
Direct Fax:  (856) 228-1885
Email: areuter@thenashlawfirm.com

December 5, 2011

**Via Electronic Filing**
Honorable Ann Marie Donio, USMJ
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets Room 1050
Camden, NJ 08101

**RE:  Maryanne Cottrell and Richard Holland v. Zagami, LLC
       Docket No: 08-cv-3340 (JEI)**

Dear Judge Donio:

This office is writing on behalf of Zagami, LLC with regard to dispositive motion scheduling for the above-referenced matter.

I have received the correspondence of counsel for Plaintiffs in response to my December 5, 2011 letter to the Court.  Perhaps most importantly, counsel for Plaintiffs has taken "no position."

However, the remainder of the response of counsel for Plaintiffs needs to be addressed.  Today's letter to the Court does not indicate that Plaintiffs counsel "failed to respond" to my correspondence.  It indicates that no response had yet been received.  The e-mail that I used for Mr. Hanna is what our firm had in our system and has been used by counsel previously.  There obviously was no intent to send correspondence where it would not be readily received.  As I called Chambers after 4pm on Friday, and was asked at that time whether there was consent, the Court is of course aware that my correspondence to counsel for Plaintiffs would have been towards the end of the day Friday at the earliest.

With regard to availability of attorneys regarding preparation of the dispositive motion, it is my firm and me in particular preparing/taking the lead with regard to dispositive motion filing. This is why it was my office and me in particular requesting an accommodation from the Court during the conference call.



Hon. Ann Marie Donio. U.S.M.J.
December 5, 2011
Page 2

Counsel for Plaintiffs makes troubling assertions in a paragraph
wherein he discusses "claims" of scheduled trials.  First, the
November 28, 2011 letter clearly indicates that the office, consisting
of three attorneys, was preparing for the indicated trials.  With
regard to the matter of Kilocoglu v. Zellman in Burlington County,
which I referred to by caption name in my letter, my letter
erroneously indicates BUR-L-129-09 rather than BUR-192-09.  It appears
from the letter of Plaintiffs' counsel that his office looked up the
129 Docket No. but failed to notice that the party names were
different and that in fact the Kilocoglu v. Zellman case is an active
case.  On Friday, December 2, 2011, at 3:30pm, the Honorable Evan H.C.
Crook held a conference call with the undersigned and the other
attorneys in that case with regard to the December 5, 2011 trial.  In
short, the parties were not informed until then that the trial would
not be going forward as there was an older case that had failed to
settle and would thus be going forward this week.  Thus, while counsel
for Plaintiffs has correctly surmised that the trial is not going
forward this week, this was not known until the end of the day on
December 2, 2011.  As I stated in my November 28, 2011 correspondence:
"Even if one or more of the foregoing matters are adjourned or if
scheduling is otherwise modified, the pendency of these matters has
not and is not anticipated to afford the undersigned the desired
amount of time for anticipated submissions in the within matter."
That of course remains the case.  It is also the case that I was the
attorney preparing to try that case.

With regard to the matter of Shade v. Lanzi, scheduled for December
12, 2011, I am the attorney preparing to try the case, regardless of
what counsel for Plaintiffs has been "advised," presumably from asking
the Court what is indicated in pleadings.  Among other things, I am
currently preparing for a de benne esse medical expert deposition in
that case that will take place tomorrow, December 6, 2011.  I, and not
Plaintiffs' counsel, am fully aware of my role with regard to this
case and the firm's role with regard to this case.

With regard to the matter of Merion Gardens, as I indicated during the
conference call, this is a major case in which my firm is involved.  I
previously indicated that this was a major case in the telephone
conference and I indicated in my letter that I was involved with this
case.  This remains the case regardless of which individual attorney
Plaintiffs' counsel might have been "advised" is designated as trial
counsel according to the pleadings.  Further, the scope of the case is



Hon. Ann Marie Donio. U.S.M.J.
December 5, 2011
Page 3

such that the trial of the case is expected to require the presence of more than one attorney in court during its trial.  Further, although this is really beyond what Plaintiffs' counsel needs to know, civil case management and the appointed mediator in the case are well aware of my involvement in this major case.  As with the Kilocoglu matter, which was not adjourned until December 2, 2011, the Merion Gardens trial was not adjourned until November 30, 2011.  As my letter indicated, last minute adjournments hardly allow ample time with regard to the present case.

I believe that this letter again and further makes clear the various matters with respect to which the undersigned and his office have been occupied between the date of the conference call with the Court, and the reasons why the undersigned has requested and is requesting re-setting of the dispositive motion deadline.

Respectfully submitted,
Nash Law Firm LLC


/s/ Alan Reuter_____
Alan A. Reuter, Esq.

cc:  Wesley G. Hanna, Esquire (via electronic filing)
     Melissa Kanbayashi, Esq. (via electronic filing)